# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52116

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

JAMES DARRYL SHAYLOR,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 23, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

James Darryl Shaylor pled guilty to possession of a controlled substance (Idaho Code § 37-2732(c)(1).[1] In exchange for his guilty plea, the State agreed to dismiss an additional charge and another case in its entirety. The district court sentenced Shaylor to a unified term of seven years, with a minimum period of confinement of two years. Shaylor appeals, arguing that his sentence is excessive.

---

[1] Shaylor also pled guilty to and was sentenced for resisting and obstructing officers, however, he does not challenge this conviction or sentence on appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Shaylor's judgment of conviction and sentence are affirmed.